**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**DONNELL SYLVESTER PARKER**

      **Petitioner-Defendant,**

                                    **Civil Action No. 3:13CV57**

**v.**                                  **Criminal Action No. 3:11CR47-3**
                                      **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.    INTRODUCTION

On May 24, 2013, Petitioner-Defendant Donnell Sylvester Parker ("Petitioner"), proceeding

*pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255

("Petition" or "Motion").  (Civil Action No. 3:13-cv-57, ECF No. 1; Criminal Action 3:11-cr-47-3,

ECF No. 407 ("Mot.").)  The same day, the Clerk of Court mailed Petitioner a Notice of Deficient

Pleading, which informed him that he had twenty-one days to correct his Motion by filing it on the

correct form as per Local Rule of Prisoner Litigation Procedure 3.4.  (Criminal Action No. 3:11-cr-

47-3, ECF No. 411.)  Petitioner's court-approved form was filed on June 5, 2013. (Civil Action No.

3:13-cv-57, ECF No. 5; Criminal Action No. 3:11-cr-47-3, ECF No. 413).

On June 6, 2013, the undersigned Magistrate Judge entered an Order directing Respondent,

the United States of America ("Respondent" or "Government") to answer Petitioner's motion.

(Criminal Action No. 3:11-cr-47-3, ECF No. 415).  The Government responded to Petitioner's

Motion on July 2, 2013 ("Response"). (Criminal Action No. 3:11-cr-47-3, ECF No. 419 ("Resp.").)

Petitioner's reply to the Government's Response was filed on July 12, 2013 ("Reply").  (Criminal

Action No. 3:11-cr-47-3, ECF No. 420 ("Reply").)  The undersigned now issues this Report and Recommendation without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II.  FACTS

### A.  *Conviction and Sentence*

On July 20, 2011, the Grand Jury indicted Petitioner in four counts of a twenty-three count Indictment involving multiple defendants.  (Criminal Action No. 3:11-cr-47-3, ECF No. 1.)  Count One charged Petitioner with conspiracy to possess with intent to distribute and to distribute in excess of 280 grams of cocaine base and in excess of 100 grams of heroin, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B).  (*Id.*)  Count Seven charged Petitioner with distribution of cocaine base, in violation of 21 U.S.C. §§841(a) and  841(b)(1)(C). Count Eight charged Petitioner with aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. (*Id.*)  Count Twenty-One charged Petitioner with possession with intent to distribute heroin, in violation of  21U.S.C. §§841(a) and  841(b)(1)(C).

On December 9, 2011, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Seven, distribution of approximately 0.50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  (Plea Agreement, Criminal Action No. 3:11-cr-47, ECF No. 180). In the plea agreement, the parties noted that they were unable to agree as to a total drug relevant conduct of the Petitioner and agreed to litigate that issue at sentencing. (*Id.* at 3). Additionally, Petitioner waived his right to appeal and collaterally attack his sentence.  Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 afford a defendant
> the right to appeal the sentence imposed.  Acknowledging all this, and in exchange

for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set fort in Title 18, United States Code, Section 3742. **Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).** The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(*Id.* at 4. (emphasis added).)

Petitioner entered his plea in open court before the Magistrate Judge David Joel on December 14, 2011. When asked, Petitioner stated that he understood that he was giving up many of his rights through his guilty plea. (Plea Hrg. Tr., Criminal Action No. 3:11-cr-47-3, ECF No. 347 at 16-18). At the time of his plea, Petitioner was 57 years old and had completed a year and a half of college. (*Id.* at 4:7-10). The Court asked Petitioner if he understood that he was giving up his right to appeal any sentence and his right to file a writ of habeas corpus attacking the validity of his plea and sentence, and Petitioner replied that he did. (*Id.* at 11:14-21). When asked, Petitioner's counsel stated that he believed Petitioner understood the importance of this waiver. (*Id.* at 11:21-24.) Petitioner further affirmed that he had reviewed the plea agreement with his attorney before signing it. (*Id.* at 12:1-3). The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty. (*See id.* at 16:20-18:1-5). During the hearing, the Government presented the testimony of Trampus Boyles, Berkeley County Sheriffs Department, Eastern Panhandle Drug and Violent Crimes Task Force, to establish a factual basis for the plea. (*Id.* at 18:19-21:12). Petitioner did not contest Officer Boyles' testimony. (*Id.* at 21:9-11.)

After the Government presented Officer Boyles' testimony, Petitioner advised the Court that

he was guilty of Count Seven of the Indictment. (*Id.* at 21:16-22.) He further stated under oath that no one had attempted to force him to plead guilty and that he was pleading guilty of his own free will. (*Id*. at 21:23-22:1.) Additionally, Petitioner testified that his plea was not the result of any promises other than those in the plea agreement. (*Id.* at 22:5-21). When asked, Petitioner acknowledged that his counsel had adequately represented him and that his counsel had not left anything undone or did anything improperly during his representation. (*Id*. at 22:21-23:2.) Finally, Petitioner advised that he was in fact guilty of the crime to which he was pleading guilty. (*Id.* at 23:3-5.)

At the conclusion, Magistrate Judge Joel determined that Petitioner's plea was made freely and voluntarily, that Petitioner had "full knowledge and understanding" of the consequences of his plea, and that the elements of the crime charged in Count Seven were established beyond a reasonable doubt. (*Id.* at 23:5-16.) Petitioner did not object to the Court's finding.

Petitioner appeared before U.S. District Judge John Preston Bailey for an evidentiary hearing on the issue of drug relevant conduct on May 8, 2012. Petitioner filed a Memorandum regarding the proposed calculation of drug relevant conduct on May 9, 2012. (Criminal Action No. 3:11-cr-47-3, ECF No. 309). In that memorandum, petitioner agreed with the representations in the Revised Presentence Report and Addendum regarding his drug relevant conduct, which gave him a base offense level of 12 and a guideline range of 15-21 months' imprisonment. (Id.). Petitioner further asserted that based on the evidence at the hearing the maximum drug relevant conduct would be 57.41 grams of heroin and 9 grams of crack cocaine, resulting in a base level of 24. (Id.) The memorandum further states that if the Court decided to increase the drug relevant conduct based on historical relevant conduct then the two (2) criminal history points assigned to the conviction should

be removed, resulting in a Criminal History Category of III. (Id.).

On May 15, 2013, the Petitioner was sentenced to 120 months' imprisonment based on a total offense level of 34 and criminal history category of III. (Judgment in a Criminal Case, Criminal Action No. 3:11-cr-47-3, ECF No. 329.) On May 22, 2012, Petitioner filed a Notice of Appeal.

## B.    *Direct Appeal*

Petitioner timely filed a notice of appeal on May 22, 2012. (Notice of Appeal, Criminal Action No. 3:11-cr-47-3, ECF No. 335.) On appeal, Petitioner's attorney, Assistant Federal Public Defender Nicholas J. Compton ("AFPD Compton") filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted there were no meritorious issues for appeal. *United States v. Parker*, 499 F. App'x, 297, 2012 WL 6217616, at *1 (4th Cir. Dec. 14, 2012). AFPD Compton raised the issue of whether the District Court committed clear error when it calculated the drug quantity attributable to Parker as relevant conduct. *Id.* Petitioner did not file a supplemental *pro se* brief, after being advised of his right to file one. *Id.* The Fourth Circuit affirmed Petitioner's conviction, finding as follows:

> Our review of the record leads us to conclude that Parker knowingly and voluntarily waived the right to appeal his sentence and that the issue his counsel asserts in Anders brief is within the scope of the waiver. The waiver provision, however, does not preclude our direct review of Parker's conviction pursuant to Anders. We have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Parker's conviction.

*Parker*, 499 F. App'x at 298, 2012 WL 6217616, at *1.

Petitioner did not file a petition for certiorari in the United States Supreme Court.

**C.**     ***Federal Habeas Corpus***

**1.     Petitioner's Motion**

Petitioner alleges four claims of ineffective assistance of counsel in his Motion and one claim of clear error by the District Court at sentencing.  Specifically, Petitioner alleges the following:

a.     AFPD Compton failed to argue that the indictment was insufficient, alleging that less than twelve grand jurors concurred in the decision to indict;

b.     AFPD Compton was ineffective because he filed an *Anders* brief in the Court of Appeals.

c.     AFPD Compton was ineffective in failing to move for and failing to advise Petitioner of his right to a speedy trial.

d.     District Court committed clear error in determining the quantity of drugs used as the basis for the sentence imposed.

e.     AFPD was ineffective for inducing Petitioner to execute a plea agreement and plea agreement should be void for inconsistencies.

(Mot., ECF No. 413 at 9-14).

**2.     Government's Response**

In its Response, the Government asserts that Petitioner raises four grounds of ineffective assistance of counsel and none of these grounds survive the *Strickland* test.  (Resp., ECF No. 419 at 1).   The *Strickland* test requires the Petitioner to "... show, first that his trial counsel's performance was deficient and, second, that the deficiency prejudiced.... [his] defense." *U.S. v. Terry*, 366 F.3d 312, 314 (Cir. 2004), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Additionally, the Government asserts that the court did not clear error in determining the quantity of drugs used to calculate the Petitioner's relevant conduct for sentencing, and that this issue was already addressed by the Fourth Circuit in Petitioner's direct appeal. (Resp. at 5).

**3.      Petitioner's Reply**

In his Reply, Petitioner asserts that "counsel's performance fell below objective standards of reasonableness ... and that there is reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. (Reply, ECF No. 420 at 1). Additionally, Petitioner also argues that in light of the *Alleyne* case, this court should revisit the drug amount allocated to him for relevant conduct as that drug amount was not contained in the indictment. (Reply at 4).

*D.      Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's (ECF No. 407 & 413) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied and dismissed from the docket because Petitioner has failed to meet the *Strickland* test, by failing to demonstrate that AFPD Compton rendered ineffective assistance of counsel throughout any part of the proceedings. In addition, the sentencing issue raised by the Petitioner was addressed on appeal and therefore may not be considered on collateral review.

## III.      ANALYSIS

**A.      Waiver of Collateral Attack Rights in Plea Agreement**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." *Id*. "To this

end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

In *United States v. Attar*, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." *Attar* at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *Id.* After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. <u>Id.</u> at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id.* Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." *Id.*

Subsequently, in *United States v. Lemaster*, *supra*, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. *Id.* And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between

waivers of direct-appeal rights and waivers of collateral-attack rights."  *Id.* at n.2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea.  Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. *Lemaster*, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. *Id.*  If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." *Lemaster*, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In *Braxton v. United States*, 358 F. Supp. 2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. *Braxton* at 502 (citing *United States v. Cannady*, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); *Butler v. United States*, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth

Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

*Braxton* at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in *Attar* and that the Fourth Circuit's holding in *United States v. Broughton-Jones*, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. *Braxton* at 503, n. 2. Finally, the *Braxton* Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." *Id.* at 503. (collecting cases).

**B.      *Standard Governing Claims of Ineffective Assistance of Counsel***

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial

counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

## B.    *Analysis of Petitioner's Claims of Ineffective Assistance of Counsel*

### 1.    **AFPD Compton failed to argue that the indictment was insufficient, alleging that less than twelve grand jurors concurred in the decision to indict;**

The petitioner claims that AFPD Compton was "...ineffective in failing to determine Grand Jury foreperson's appearance before the Court to swear under oath that 12 or more Grand Jury members voted for the indictment." (ECF No. 413 at 9).   On December 14, 2011, the Petitioner waived his right to collaterally attack this issue when he entered a guilty plea before Magistrate Judge David Joel and his plea agreement dated December 9, 2011 was filed in the record. Ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the Petitioner entering his guilty plea.  Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. *Lemaster*, 403 F.3d at 732

Therefore, this claim should be dismissed based on Petitioner's waiver in his signed plea agreement.

Additionally, the Court has reviewed the Jury Indictment from July 20, 2011 and takes judicial notice that there was a 22 person grand jury and the foreperson did in fact sign the indictment in question, swearing under oath that 22 grand jury members voted for the indictment. A valid signed indictment was presented to the Magistrate Judge in open court.

Consequently, this claim can also be dismissed on the merits as a true bill on the indictment was properly returned by the grand jury and presented to a Magistrate Judge in open court. Because Petitioner has not established the requisite prejudice, this Court need not consider the "performance" prong. *Fields*, 956 F.2d at 1297. Thus, Petitioner's first ground for relief should be denied on the merits and, additionally, because it was waived when Petitioner signed the plea agreement.

### 2. AFPD Compton was ineffective because he filed an *Anders* brief in the Court of Appeals instead of a Merits Brief

Petitioner argues that AFPD Compton was deficient by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Mot., ECF No. 407 at 8). Petitioner further states that *Anders* briefs are filed only where defense counsel believes there are no successful grounds for appeal. *(Id.* at 8). Petitioner further argues that the *Anders* brief contained a meritorious issue for appeal, specifically, the issue regarding the drug quantity attributed to him at sentencing.

The right to effective assistance of counsel extends to a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the *Jones* Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional

evaluation." *Id.* When evaluating a claim that appellate counsel was ineffective for failing to file a merits brief, courts apply the *Strickland* test as set forth above. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To satisfy the "performance" prong, a petitioner mst show "that his counsel was objectively unreasonable in failing to find arguable issues to appeal–that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* To satisfy the "prejudice" prong, a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* However, the Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

In this case, the petitioner agrees that the issue involving drug quantity attributed to Petitioner was raised in the *Anders* brief. (Mot., ECF No. 407 at 9). Petitioner argues that it should have been filed in a merits brief.[1] Regardless of what kind of brief was filed, the Fourth Circuit reviewed Petitioner's waiver of appellate rights de novo and determined that the issue regarding drug quantity fell within the scope of Petitioner's plea agreement waiver. *Parker*, 499 F. App'x at 297, 2012 WL 6217616, at *1. Additionally, pursuant to *Anders*, the Fourth Circuit "reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver." *Id.* at 3.

Therefore, it was irrelevant whether AFPD Compton filed an *Anders* brief or a appeal brief

---

[1] Petitioner's appellate brief pointed out that the sentencing issue could not be raised during the appeal because Petitioner had waived his appellate rights regarding that issue in the plea agreement. Therefore an *Anders* brief raising the drug quantity issue was filed rather than an actual appeal brief on the merits.

on the merits because the issue of whether the appropriate drug quantity was attributed to Petitioner by the sentencing court was reviewed at the appellate level. Petitioner has not demonstrated a "reasonable probability that, but for his counsel's unreasonable failure..." to file a appeal brief on the merits instead of an *Anders* brief, he would have prevailed on his appeal. *Smith*, 528 U.S. at 285. Because Petitioner has not established the requisite prejudice, this Court need not consider the "performance" prong. *Fields*, 956 F.2d at 1297. Thus, Petitioner's second ground for relief should be denied.

### 3. AFPD Compton was ineffective in failing to move for and failing to advise Petitioner of his right to a speedy trial.

The petitioner claims that AFPD Compton was "...ineffective in failing to move for and failing to advised defendant of his right to a speedy trial as provided for in the constitution." (Mot., ECF No. 413 at 12). On July 20, 2011, an indictment was returned against the Petitioner on four counts: conspiracy to possess with intent to distribute and to distribute in excess of 280 grams of cocaine base and in excess of 100 grams; distribution of crack cocaine; aiding and abetting in the distribution of cocaine base; and possession with intent to distribute heroin. (Indictment, ECF No. 1). On July 25, 2011, the Petitioner was arrested; had an initial appearance before a U.S. Magistrate Judge; and was released on an Order Setting Conditions of Release. (ECF No. 16). Petitioner was arraigned on August 3, 2011, and a jury trial was set in accordance with the Speedy Trial Act for September 20, 2011. (ISO, ECF No. 69). On August 8, 2011, a petition to revoke Petitioner's pretrial bond was filed by the Probation Officer, alleging that Petitioner had been involved in a controlled purchase of heroin on August 4, 2011. (ECF No. 83). On August 17, 2011, Petitioner was arrested and on August 18, 2011, a bond revocation hearing was held and Petitioner's bond was revoked. (ECF No. 99). On August 29, 2011, co-defendants Burke, Moses, Cunningham and Jordan

filed Motions to Continue the Trial and Pretrial in this case.  On September 2, 2011, District Judge

Bailey granted those motions as to all defendants by Order stating as follows:

> After careful review of the grounds offered in support, the Court finds good cause to grant the motions to continue.  In so doing, this Court considered the factors outlined in 18 U.S.C. §3161, and now finds that the ends of justice served by granting the continuances outweigh the best interest of the public and the defendant in a speedy trial.  Specifically, the Court finds this time shall be excluded from speedy trial computation, in each of the movants' cases, because the failure to grant a continuance "would deny counsel for defendant[s]....the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv)... **Moreover, because "[a] reasonable delay when [a] defendant is joined for trial with a codefendant as to whom the trial has not run and no motion for severance has been granted" is also excluded from speedy trial computation**. (Emphasis added).

(ECF No. 119 at 2).  The trials were continued to October 25, 2011.

On October 17, 2011, District Judge Bailey held a hearing on Defendant Moses' motion to

continue trial and granted the same. (ECF No. 166).  During that hearing, the Court inquired as to

whether the defendants objected to a continuance of a trial. (*Id.*)  Petitioner Parker's objection was

noted; however, the Court "found no good cause to grant a severance as to defendant Parker."  (*Id.*).

The Court further found that:

> Therefore, this Court found it necessary to continue the co-defendants' trials pursuant to 18 U.S.C.§3161(h)(6), which provides that **"[a] reasonable delay when [a] defendant is joined for trial with a codefendant as to whom the trial has not run and no motion for severance has been granted" is also excluded from speedy trial computation**.  (Emphasis added).

(*Id*. at 2).  The trial was continued to January 3, 2012, which was within seventy (70) days of

Petitioner's initial appearance, in compliance with the Speedy Trial Act.[2]

On December 14, 2011, the Petitioner waived his right to collaterally attack this issue when

---

[2]  With each continuance, the Court excluded time from the Speedy Trial Clock in accordance with Speedy Trial Act.

he entered a guilty plea before Magistrate Judge David Joel and his plea agreement dated December 9, 2011 was filed in the record. Ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. *Lemaster*, 403 F.3d at 732 Therefore, this claim should be dismissed based on Petitioner's waiver in his signed plea agreement.

Additionally, as set forth above, the Court correctly applied the Speedy Trial Act in the orders granting continuances of the trial dates. (ECF No. 119, 161). Furthermore, Petitioner's objection to the continuance was noted in the October 18, 2011 Order of the District Court. (ECF. No. 161). The Court noted Petitioner's objection and ruled that a severance of the Petitioner was not warranted. (*Id.*). The trial was set for January 3, 2012 and Petitioner entered a plea on December 14, 2011, making the issue moot.

Therefore, this claim can also be dismissed on the merits as the court clearly applied the provisions of the Speedy Trial Act correctly in this case and Petitioner's objection to that ruling was clearly noted for the record. Respondent calculated that on the day Petitioner pled at the most fifty-seven days had run off the Speedy Trial Act clock. (Resp., ECF No. 419 at 5). Because Petitioner has not established the requisite prejudice, this Court need not consider the "performance" prong. *Fields*, 956 F.2d at 1297. Thus, Petitioner's third ground for relief should be denied on the merits and, additionally, because it was waived by Petitioner's waiver of his collateral attack rights contained in his plea agreement.

4.   **AFPD was ineffective for inducing defendant to execute a plea agreement and plea agreement should be void for inconsistencies.**

The fourth ineffective assistance of counsel claim is actually listed as Petitioner's fifth

ground for relief.    The Petitioner asserts that AFPD Compton was ineffective "...for inducing Petitioner to execute a plea agreement, and ...the plea agreement is void of inconsistencies. (Mot., ECF No. 413).   Petitioner does not articulate any details about how he was induced into executing the plea agreement. (ECF No. 407, 413).   Petitioner instead asserts in detail his reasoning why the plea agreement is inconsistent and because it is a contract should be interpreted strictly against the drafter, the government, and be held void. (ECF No. 407 at 23).

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 74.  Therefore, guilty pleas are not normally subject to collateral attack, but can be so challenged on the ground that the plea was not knowing or voluntary.  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998).  A defendant may attack the voluntary nature of his plea by demonstrating that he received ineffective assistance of counsel. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  However, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221 (citations omitted).

At the Rule 11 plea colloquy, Petitioner testified that he reviewed the plea agreement with his attorney before signing it.  (Plea Hrg. Tr. at 12:1-3).  The Court found that Petitioner's plea was knowing and intelligent. (Plea Hrg. Tr., ECF No. 347 at 23:6-16).  Magistrate Judge Joel noted that Petitioner was competent and capable to enter a guilty plea, that he made his plea freely and voluntarily, and that he understood the consequences of his conditional guilty plea.  (*Id.* at 23:6-16). After reviewing the terms of the plea agreement with the Petitioner, the Magistrate Judge found that

the Petitioner understood and agreed with the terms of the plea.  (*Id.* at 12:12-15).

There is no evidence that Petitioner was induced to enter into the plea agreement and Petitioner does not argue that issue in is Motion other than one blanket statement.  Petitioner's assertion that the plea agreement is void because of inconsistencies is also without merit. Specifically, Petitioner alleges that paragraph 8, 10 and 14 are inconsistent. (Mot., ECF No. 407 at 23).  After reviewing those paragraphs, the Court finds that they are consist and the Government adequately explains this in its Response to the Petitioner's Motion to Vacate.  (Response, ECF No. 419 at 6).

In sum, Petitioner has not established that his guilty plea was invalid because his counsel rendered induced him to enter into it or because the plea agreement was inconsistent.  Petitioner asserted that he understood the terms of his plea agreement and the consequences of his plea during the Rule 11 colloquy with Magistrate Judge Joel.  Therefore, the undersigned recommends that this fifth claim of ineffective assistance of counsel be dismissed because Petitioner has not met his burden under the two prongs of *Strickland*.

Based on the above analysis, the undersigned recommends that all four of Petitioner's claims of ineffective assistance of counsel should be denied.

**C.**     ***Analysis of Petitioner's Claim that District Court committed clear error in determining the quantity of drugs used as the basis for the sentence imposed.***

Petitioner's last ground for relief is the fourth ground listed in his Motion.  The Petitioner asserts that in light of the Supreme Court's decision in  *Alleyne v. United States,* 133 S.Ct. 2151, 2155 (2013), this Court should "...revisit the substance amount issue...."  (Reply, ECF No.  420 at 4.) The *Alleyne* Court held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at

2158.  First, in the *Alleyne* opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack.  133 S.Ct. 2151 (2013); *see also Simpson v. United States,*  No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013)(finding that *Alleyne* does not apply retroactively).

Second, this case differs from *Alleyne* in two ways.  First, the Petitioner voluntarily signed a plea agreement and had a plea hearing where he waived his right to "appeal any sentence which is within the maximum provided in the statute of conviction or **in the manner in which that sentence was determined on any ground whatever**..." (*emphasis added,* Plea Agreement, ECF No. 180, ¶10).  In *Alleyne*, the defendant had actually been convicted at trial by a jury prior to being sentenced and made no such waiver.  *Alleyne,* 133 S.Ct. at 2155-56.  Second, there was no count of conviction in Petitioner's case that carried a "mandatory minimum sentence."  Thus, even if Petitioner were entitled to collateral review of his *Alleyne* claim, he waived the core right associated with *Alleyne*, that a jury make sentencing determinations beyond a reasonable doubt, by signing the plea agreement containing the waiver.  In addition, Petitioner's conviction did not carry a mandatory minimum sentence.  Therefore, *Alleyne* does not apply in this case.

Additionally, Petitioner's argument that the District Court clearly erred in the determination of drug quantity attributed to the Petitioner was already addressed on direct appeal to the Fourth Circuit.  The Fourth Circuit has held that issues previously rejected on direct appeal may not be raised by prisoners in a collateral attack.  *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).  In Petitioner's case, the issue of whether the district court committed clear error when it calculated the drug quantity attributable to Petitioner as relevant conduct was previously decided during his direct appeal to the Fourth Circuit. The Fourth Circuit affirmed Petitioner's conviction, finding as follows:

> Our review of the record leads us to conclude that Parker knowingly and voluntarily waived the right to appeal his sentence and that the issue his counsel asserts in Anders brief is within the scope of the waiver. The waiver provision, however, does not preclude our direct review of Parker's conviction pursuant to Anders. We have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Parker's conviction.

*Parker*, 499 F. App'x at 298, 2012 WL 6217616, at *1.

Therefore, Petitioner's fourth ground for relief should be denied because *Alleyne* is not applicable and because the Fourth Circuit has already addressed this issue on direct appeal.

## IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action 3:13CV57, ECF No. 1; Criminal Action No. 3:11cr47, ECF No. 407, 413) be **DENIED** and **DISMISSED** from the docket because Petitioner has failed to meet the *Strickland* test and demonstrate that AFPD Compton rendered ineffective assistance of counsel at any point during the proceeding and Petitioner knowing and intelligently entered into a  plea agreement that waived some of these claims.  Additionally, the *Alleyne* case is not applicable to the sentencing issue raised by the Petitioner and the same sentencing issue was addressed on appeal and therefore may not be considered on collateral review.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to

appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Donnell Sylvester Parker.

**DATED:** 3-12-2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE